Alexander McK. Jones and Another, Respondents, v. Caroline Ogden Jones and Another, as Trustees Under the Will of Caroline Ogden McCagg, Deceased, Appellants, Impleaded with Another.

*The law and decisions of another State — expert testimony in reference to — commission — interrogatories.*

In an action brought for the specific performance of an implied contract on the part of the defendants, testamentary trustees, to convey land located in another State, which contract is claimed to have arisen upon the acceptance by the trustees of a certain legacy, interrogatories proposed to be propounded on behalf of the defendants, under a commission, to a lawyer of the State in which the land is situated, for the purpose of proving what the law of that State and the decisions of its courts are as to such an implied contract, are not so clearly frivolous as to call for their disallowance.

Appeal by the defendants, Caroline Ogden Jones and Frances Ogden Jones, as trustees under the will of Caroline Ogden McCagg, deceased, from that part of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 20th day of November, 1893, which disallowed certain interrogatories to a witness to be examined under commission, on behalf of the defendant trustees.

The action was brought for the specific performance of a contract

which the plaintiffs claimed was implied on the part of the trustees, to convey property located in Illinois, forming a portion of the estate of their testatrix. It was claimed that this implied contract arose upon the acceptance by the trustees of a certain legacy in the will.

The order for the commission was granted upon an affidavit which set forth with reference to what the defendant trustees desired to obtain in the way of testimony, by examining the proposed witnesses, that the fact that the decision of the Supreme Court of the State of Illinois in the case of *Jones* v. *Jones*, claimed by the trustees to render all matters and things relating to their trust *res adjudicata* as to the plaintiffs, has never been reversed, and that the same is the settled law of the State of Illinois with reference to a trust of the character involved in this case, and that the proceedings in said Supreme Court in said suit were in all respects regular.

The interrogatories proposed to be propounded on behalf of the defendant trustees were as follows:

"*First Interrogatory.* Please state your name, age, residence and occupation.

"*Second Interrogatory.* If you shall have stated that you are a counselor at law of the Supreme Court of the State of Illinois, please state how long you have been admitted to the bar and what the nature of your practice has been, and any other facts which will qualify you for the purpose of giving an expert opinion with reference to the law of the State of Illinois.

"*Third Interrogatory.* Do you know the parties to this action or any of them?

"*Fourth Interrogatory.* Have you examined the record of the case of *Jones* v. *Jones*, No. 1657, in the Supreme Court of the State of Illinois, the opinion of which court in which case is found in the 124th volume of the Illinois Reports, page 261; and also the record in the court below; and if so, state whether or not the proceedings in said cause are in all respects regular and valid, and in conformity with the laws of Illinois and the rules of practice of the courts of Illinois?

"*Fifth Interrogatory.* Have you read the opinion of the Supreme Court of Illinois in said case, expressed by SHOPE, J., and found at page 261 of the 124th volume of the Illinois Reports?

" *Sixth Interrogatory.* Has the decision of the Supreme Court of Illinois in said case ever been reversed, or is it still in full force and effect ?

" *Seventh Interrogatory.* Have you read the last will and testament and codicil of Caroline Ogden McCagg, admitted to probate in the Probate Court of Cook county, State of Illinois, on the 16th day of March, 1885 ?

" *Eighth Interrogatory.* Have you compared said will and codicil with the opinion of SHOPE, J., aforesaid, with a view of determining the precise construction placed by the Supreme Court of Illinois upon the trust created by the said will and codicil for the benefit of the children of William Ogden Jones, deceased, and if so, state the precise construction placed by the Supreme Court of Illinois upon those portions of the will and codicil creating said trust, in said opinion ?

" *Ninth Interrogatory.* Please state if a trust of the character of that under discussion is a valid trust under the laws of the State of Illinois, and was so under the laws of that State at the time of the death of the testatrix.

" *Tenth Interrogatory.* Please state if you have examined the decree of the Circuit Court of Cook county, Illinois, entered in said suit on the 4th day of January, 1887, and thereafter affirmed by the Supreme Court of Illinois, and if so, state what the powers and duties of the trustees of said one-fifth of the estate of Mrs. McCagg are defined to be under said decree.

" *Eleventh Interrogatory.* Have you read the pleadings in this cause, and are you familiar with the same ?

" *Twelfth Interrogatory.* What do you understand to be the scope and purpose of this action, and the precise contention of plaintiffs ?

" *Thirteenth Interrogatory.* Does the law of the State of Illinois admit of any extension of the trust involved and adjudicated by the Supreme Court of Illinois in said suit, beyond the construction given by the decision of that court ?

" *Fourteenth Interrogatory.* If you shall have testified that there is nothing in the law which would warrant a contention that the extension of the trust in said suit beyond the construction given to it by the Supreme Court, give any authorities you can for such testimony.

"*Fifteenth Interrogatory.* Are or are not the defendant trustees amenable to the courts of the State of Illinois for the proper and lawful conduct of their duties as such trustees?

"*Sixteenth Interrogatory.* If the defendant trustees are amenable to the courts of Illinois, or subject to the control of a court of that State, what effect would a decree made by a court of New York have upon the property forming the subject of the trusts and upon the rights and persons of the trustees?"

The court at Special Term disallowed the eighth, ninth, tenth, twelfth, thirteenth, fourteenth, fifteenth and sixteenth interrogatories, and from the order of disallowance this appeal was taken.

*Willard Parker Butler,* for the appellants.

*E. W. S. Johnston,* for the respondents.

PER CURIAM:

Without passing upon the admissibility of the evidence which may be adduced under these interrogatories, we do not think that the eighth, ninth, thirteenth, fourteenth, fifteenth and sixteenth interrogatories are so clearly frivolous that the defendants should be deprived of the opportunity of securing the testimony, that they may offer it at the trial, and, if excluded, have the benefit of an exception.

We think, therefore, that the order appealed from should be reversed in respect to the eighth, ninth, thirteenth, fourteenth, fifteenth and sixteenth interrogatories, and the same should be allowed, without costs to either party upon this appeal.

Present — VAN BRUNT, P. J.; O'BRIEN and PARKER, JJ.

Order reversed as directed in opinion, without costs to either party upon this appeal.